**John Henry PELT and Janice Pelt, Plaintiffs,**

v.

**U.S. BANK TRUST NATIONAL ASSOCIATION, et al., Defendants.**

**No. CIV.A.3:00–CV–1093–L.**

United States District Court, N.D. Texas, Dallas Division.

April 28, 2003.

**542**

Bryan Dunklin, Law Office of Bryan Dunklin, Dallas, TX, for plaintiffs.

Tanya D. Henderson, Brian T. Morris, Winstead Sechrest & Minick, Dallas, TX, for defendants.

### ORDER

LINDSAY, District Judge.

Before the court is Defendants' Motion for Attorneys' Fees, filed November 12, 2002. Plaintiffs John Henry and Janice Pelt did not file a response to the motion. After careful consideration of the motion, record, and applicable authority, the court **denies without prejudice** Defendants' Motion for Attorneys' Fees.

### I.  *Background*

This action arises from a home equity loan that Plaintiffs ("the Pelts" or "Plaintiffs") obtained in September 1998, from Defendant New Century Mortgage Corporation ("New Century" or "Defendant"), secured by real property located at 718 Pelt Place, Duncanville, Texas 75116. The holder of the note is Defendant U.S. Bank Trust National Association, f/k/a First Trust Bank National Association, as Trustee under the Pooling and Service Agreement, New Century Home Equity Loan Trust, Series 1988–NC7 ("Bank Trust"). In their complaint, the Pelts alleged that the home equity loan documents did not comply with several of the requirements in the Texas Constitution, art. XVI, § 50(a)(6), including §§ 50(a)(6)(E), (L), (Q)(iii), (Q)(v), and (Q)(x), for a loan not subject to the homestead protection from forced sale, and sought a declaratory judgment that the loan did not comply with these requirements such that Defendants could not foreclose against the property securing the loan. The Pelts further asserted that New Century violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act, Tex. Fin.Code Ann. § 392 *et seq.*, and sought actual damages, statutory damages, and punitive damages for such violations, as well as attorney's fees and costs. Defendant Bank Trust filed a counterclaim, seeking an order allowing foreclosure against the property and moved for partial summary judgment on October 1, 2001. In its order of September 5, 2002, the court granted in part and denied in part Defendants' summary judgment motion, leaving the following claims to be tried: the Pelts' claims under Tex. Const. art. XVI, § 50(a)(6)(Q)(v), Tex. Const. art. XVI, § 50(a)(6)(Q)(x), the Federal and Texas Debt Collection Acts, and Defendant Bank Trust's request for an order of foreclosure.

On October 16, 2002, prior to jury selection, the Pelts withdrew their state and federal fair debt collection claims against Defendants after the court excluded Plaintiffs' evidence of damages for failure to supplement discovery regarding damages in accordance with Fed.R.Civ.P. 26(e)(2). The remaining constitutional claim was tried before a jury. On October 18, 2002, after a three-day trial, the jury returned a verdict against Plaintiffs. On October 23, 2002, the court issued judgment, ordering that Bank Trust held a valid lien against the Pelts' home, and that the outstanding principal balance of $239,062.58 plus inter-

est of $56,649.27 was due and owing by the Pelts to Bank Trust. On November 12, 2002, Plaintiffs filed a motion for new trial, arguing that the verdict was against the great weight of the evidence, and the court erroneously charged the jury. The court denied the motion on January 23, 2003.

## II. *Analysis*

Bank Trust seeks to recover its attorney's fees pursuant to § 38.001 of the Texas Civil Practice and Remedies Code and, alternatively, § 37.001 of the same Code. Bank Trust seeks $131,269.30 as reasonable attorney's fees and expenses ($121,537.00 for attorney's fees and $9,732.30 for expenses). As Bank Trust is a prevailing party, it is entitled to an award of attorney's fees. The court must therefore decide what is the reasonable amount of attorney's fees and expenses to which Bank Trust is entitled.

■ As this is a diversity case, a district court must look to state law, which governs the attorney's fees award. *Atchison, Topeka and Santa Fe Ry. Co. v. Sherwin–Williams Co.*, 963 F.2d 746, 751 (5th Cir.1992). A trial court may award those fees and expenses which are "reasonable and necessary for the prosecution of the suit." *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991) (internal quotations and citations omitted). The applicant must show the reasonableness and necessity of the hours expended. As such, the applicant must provide the court with sufficient documentation that will allow it to determine the reasonableness and necessity of the fees sought. If the documentation is vague, lacking, or incomplete, the district court may reduce the number of hours awarded. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995).

■ One question that must be answered is whether the fees incurred with respect to the prosecution of the foreclosure and the defense of claims regarding the validity of the lien are indistinguishable and inseparable from the foreclosure claim. Bank Trust contends that time spent on these matters as well as that spent on the remaining claims of the Pelts is intertwined and inseparable. As a result, Bank Trust contends that it is entitled to a fully compensable fee, and is not required to carve out and segregate the fees incurred to prosecute the successful claim.

■ Generally, one has a duty to segregate fees. Under Texas law, however,

[a] recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their "prosecution or defense entails proof or denial of essentially the same facts." Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are "intertwined to the point of being inseparable," the party suing for attorney's fees may recover the entire amount covering all claims.

*Stewart*, 822 S.W.2d at 11 (citations omitted). The Affidavit of Brian T. Morris, Bank Trust's lead counsel, only states in conclusory fashion that the time spent on these matters is indistinguishable and inseparable. *Id.* ¶ 5. No factual predicate is provided. The court cannot make such a determination on the state of the record, and therefore, cannot ascertain what would constitute a reasonable award of attorney's fees.

## III. *Conclusion*

For the reasons stated herein, Bank Trust's motion is denied without prejudice. The court does not believe an outright denial of fees would be appropriate. Bank

544

Trust should be allowed an opportunity to correct the deficiency. Accordingly, Bank Trust may submit an amended application for attorney's fees, along with sufficient documentation,* within fourteen days from the date of this order.

---

* This documentation may include an amended affidavit, time records, billing statements, or any other documents which will assist the court in determining what constitutes a reasonable award of attorney's fees.